IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
JUN 10 2010
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____
Deputy Clerk

| | |
|---|---|
| DEERE & COMPANY, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV 10-205-JHP ) |
| GATORMOTO, LLC, a Florida limited liability company; | ) JURY TRIAL DEMANDED ) ) |
| GATORMOTO, LLC d/b/a/ GATOR IMPORTS, a Florida limited liability company; | ) INJUNCTIVE RELIEF REQUESTED ) ) ) |
| SOUTHEAST MARINE & SPORT, LLC, an Oklahoma limited liability company; | ) ) ) |
| JUSTIN JACKREL, an individual | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

Plaintiff, Deere & Company ("Deere"), for its causes of action against Defendants, GatorMoto, LLC ("GatorMoto"), GatorMoto, LLC d/b/a Gator Imports ("Gator Imports"), Southeast Marine & Sport, LLC ("Southeast Marine"), and Justin Jackrel ("Jackrel") (collectively, "Defendants"), alleges and states as follows:

**NATURE OF COMPLAINT**

1.  This is an action for injunctive relief and monetary damages arising out of, *inter alia*, Defendants' trademark infringement, false designation of origin, trademark dilution, unfair competition, and unauthorized use of Deere's GATOR trademark, alligator design mark, and related family of marks (collectively the "Gator Marks").

1

5747428_1.DOC

## PARTIES

2. **DEERE & COMPANY** is a Delaware corporation with headquarters located at One John Deere Road, Moline, Illinois 61265.

3. **GATORMOTO, LLC** is a Florida limited liability company having a principal address at 4337 NW 35th Terrace, Gainesville, Florida, 32605. Upon information and belief, GatorMoto's headquarters and registered agent for service are also located at 4337 NW 35th Terrace, Gainesville, Florida, 32605.

4. **GATORMOTO, LLC d/b/a GATOR IMPORTS** is a Florida limited liability company having a principal address at 4337 NW 35th Terrace, Gainesville, Florida, 32605. Upon information and belief, Gator Import's headquarters and registered agent for service are also located at 4337 NW 35th Terrace, Gainesville, Florida, 32605.

5. **SOUTHEAST MARINE & SPORT, LLC** is an Oklahoma limited liability company with, upon information and belief, a principal place of business at 1533 S. Main, McAlester, Oklahoma 74501. Steve Covington is a registered agent for service for Southeast Marine having an address at 503 Dove Drive, McAlester, Oklahoma 74501.

6. **JUSTIN JACKREL** is an individual domiciled, upon information and belief, at 2601 SW Archer Rd., Gainesville, Florida 32608.

## JURISDICTION AND VENUE

7. This is an action arising in part under the laws of the United States, specifically §§ 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), and various state and common laws. The Court has original jurisdiction of these claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 15 U.S.C. § 1121. Jurisdiction as to all other causes of action is

proper pursuant to 28 U.S.C. § 1367 because the causes of action set forth are so related that they form a part of the same case or controversy.

8. Venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391 because both parties offer their products and otherwise conduct business that has given rise to this claim in this jurisdiction.

## BACKGROUND

9. Since about 1992, Deere has continuously used the well-known GATOR trademark and a family of related marks incorporating the term "Gator", including an alligator design mark, in connection with the offering of a wide variety of motorized utility and recreational vehicles and related products. Deere offers its GATOR line of vehicles and other related products online through a company website and through a plethora of distributors located throughout the United States and the world. As such, the presence of the Gator Marks is worldwide in scope. In present day, Deere has used and will continue to use the Gator Marks, and any variations thereof on a multitude of products related to utility and recreational vehicles.

10. The Gator Marks all share the common element "Gator" or a visual depiction thereof, which serves to create a family of marks owned by Deere. Deere advertises and promotes the Gator Marks as a family of marks by displaying and selling products under the Marks in many of the same advertisements and channels of trade. Deere uses its Gator Marks in such a way as to create common exposure and recognition of common ownership based on the common, dominant "Gator" element that appears in all the Gator Marks.

11. Deere's line of GATOR vehicles includes Gator TX Turf, Gator TE, ProGator, M-Gator A1, Gator XUV 4X4, R-Gator, Gator HPX, Gator TS, and Gator CX.

## DEFENDANTS' UNLAWFUL CONDUCT

16. Upon information and belief, GatorMoto is doing business as Gator Imports.

17. Upon information and belief, Justin Jackrel is a principal of GatorMoto and Gator Imports.

18. Southeast Marine is a dealer of GatorMoto products located in McAlester, Oklahoma.

19. Defendants claim to offer a nearly identical line of utility and recreational vehicles as Deere on a nation-wide basis through an internet website and through various distributors, including Southeast Marine & Sport, LLC, an Oklahoma limited liability company. As such, Defendants are engaged in direct competition in the same goods with Deere.

20. Defendants use the marks GatorMoto, Gator Imports, and an alligator design element (collectively the "Infringing Marks") in connection with the offering of utility and recreational vehicles and other related products. The Infringing Marks incorporate Deere's registered trademark, GATOR, as a dominant element that is confusingly similar to Deere's use of the GATOR mark on its products.

21. Upon information and belief, GatorMoto and Gator Imports are the source of all GatorMoto products in the United States.

22. As part of its ordinary enforcement program, Deere sent a cease and desist letter via Certified Mail to Gator Moto Utility Vehicles & More, LLC (GMUVM) at 58 West 9th Street, Atlantic Beach, Florida 32233 on December 7, 2006, for which Deere received confirmation of receipt dated December 11, 2006 (attached as Ex. 5). Upon information and belief, GMUVM is operated by Ted Jackrel, father of Justin Jackrel. Deere received no

5

response. Deere sent a follow-up letter via certified mail on August 27, 2007 to the same address, which was received by the addressee on August 30, 2007 (attached as Ex. 6).

23.     On October 18, 2007, GatorMoto filed an application with the United States Patent and Trademark Office for the mark GATORMOTO, Application Serial No. 77307349, claiming a date of first use of November 1, 2005 in connection with scooters, go carts, and low speed electric vehicles (attached as Ex. 7).

24.     Justin Jackrel personally executed the following declaration in connection with applicant GatorMoto's trademark application for GATORMOTO:

   a. *The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.*

25. Subsequent to the filing of GatorMoto's trademark application, Deere sent yet another cease and desist letter on May 13, 2008 (attached as Ex. 8), to Justin Jackrel of GatorMoto, LLC at 4337 NW 35th Terrace, Gainesville, Florida 32605-6026 for which delivery was refused.

26. On July 23, 2008, Deere filed Opposition No. 91185357 in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board ("TTAB") opposing the application for the mark GATORMOTO, on the grounds that Deere's first use in commerce of the Gator Marks precedes any priority date upon which GatorMoto or Jackrel may rely (attached as Ex. 9).

27. On October 31, 2008, the TTAB entered judgment by default against GatorMoto, LLC and refused registration of the GATORMOTO mark (attached as Ex. 10).

28. After the TTAB's ruling refusing registration to GatorMoto, Deere persistently followed up on GatorMoto's unauthorized continued use of the GATOR mark, sending additional correspondence on December 4, 2008 to Jackrel (attached as Ex. 11), and on March 12, 2010 to GatorMoto's other registered agent, Ashley Smith (attached as Ex. 12), in an attempt to amicably resolve Defendants' use of the Infringing Marks.

29. As a matter of law, by virtue of Deere's registrations, Defendants had constructive knowledge of Deere's prior rights in the Gator Marks prior to adopting or seeking to register the mark GATORMOTO.

30. Upon information and belief, in light of the sequence of correspondence from Deere sent prior and subsequent to the filing of the application for GATORMOTO, Defendants GatorMoto and Jackrel had actual notice of Deere's prior rights in the Gator Marks.

31. Prior to executing the declaration for registration of the GATORMOTO mark, reproduced above, Defendant Justin Jackrel knew or should have known of Deere's preexisting use of the Gator Marks not only from the cease and desist letters sent prior to his execution of the declaration, but because the Gator Marks are famous, widely advertised and promoted on a worldwide basis.

32. Despite actual and constructive notice of Deere's prior rights in the Gator Marks, Defendants continued to use the Infringing Marks in connection with the offering of utility and recreational vehicles.

33. Defendants offer their vehicles under the GATORMOTO mark through Southeast Marine, an Oklahoma dealer. Southeast Marine has a large sign used for advertising purposes wherein the mark GATORMOTO is displayed accompanied by an alligator design element. Therefore, in addition to offering the aforementioned products nation-wide on the internet, Defendants specifically conduct business and maintain a presence of GatorMoto products in Oklahoma.

34. Defendant GatorMoto operates an internet website at www.gatormoto.com, wherein the GATORMOTO mark is displayed accompanied by an alligator design element in connection with the offering of the aforementioned products.

35. Defendant Gator Imports operates an internet website at www.gatorimports.com wherein the GATORMOTO mark is displayed accompanied by an alligator design element in connection with the offering of the aforementioned products.

36. Defendants' unauthorized use of Deere's registered mark GATOR as the distinguishing element in the GATORMOTO mark, or any confusingly similar variations thereof, in connection with the same or similar goods as Deere is likely to cause confusion, to

cause mistake, or to deceive consumers as to the source of the goods causing irreparable damage to the goodwill established by Deere through the use of the Gator Marks.

37. Defendants' use of Deere's famous Gator Marks constitutes willful infringement and dilution of the Gator Marks and a deliberate attempt to trade on the valuable goodwill that Deere has developed in the Gator Marks.

### COUNT I:  Infringement of Federally Registered Trademarks

38. Deere re-alleges and incorporates by reference the allegations contained in each preceding paragraph of this Complaint.

39. This is an action under the trademark laws of the United States, specifically Section 32 of the Lanham Act, 15 U.S.C. § 1114, for Defendants' unlawful use and infringement of the Gator Marks.

40. Defendants' use in commerce of the GATORMOTO mark and a corresponding alligator design element in connection with utility and recreational vehicles infringes Deere's Gator Marks, which include, *inter alia*, the aforementioned federally registered marks GATOR and corresponding alligator design element, R-Gator and ProGator.  Defendants' use of the GATORMOTO mark, without Deere's consent, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, sponsorship, approval, or authorization of Defendants' products and to mislead consumers into believing that Defendants are affiliated, connected, or associated with Deere.

41. Defendants GatorMoto, Gator Imports, and Southeast Marine directly infringe Deere's aforementioned federally registered marks by offering the same or similar products as that of Deere under a confusingly similar mark and design element.

9

42. Defendant Jackrel contributes to the infringement by GatorMoto, Gator Imports, and Southeast Marine by allowing the use of the registered marks in the manner described.

43. Deere has no control over the quality of the products offered, marketed, or sold by Defendants. As a result, the reputation of Deere and the valuable goodwill and brand equity that Deere has developed in the aforementioned marks are at risk.

44. As a result of Defendants' unlawful conduct, Deere has been and will continue to be damaged. Deere will suffer irreparable harm should Defendants' infringement be allowed to continue.

45. Deere's remedy at law is not by itself adequate to compensate for the injuries inflicted. Defendants' activities have caused and will cause irreparable harm to Deere for which Deere has no remedy at law in that if Defendants' wrongful conduct continues, consumers are likely to become further confused.

46. Defendants' adoption of the GATORMOTO mark and alligator design element in the face of Deere's prior use of the famous Gator Marks, and Defendants' continued use of same despite actual notice, exhibits a conscious or reckless disregard for Deere's rights. Such conduct makes this an exceptional case for which Deere is entitled to treble damages and attorneys' fees in accordance with 15 U.S.C § 1117.

### COUNT II: False Designation of Origin/Trademark Infringement

47. Deere re-alleges and incorporates by reference the allegations contained in each preceding paragraph of this Complaint.

48. This is an action under the trademark laws of the United States, specifically Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for Defendants' unlawful use and infringement of Deere's Gator Marks.

5747428_1.DOC

49.     Defendants' use in commerce of the GATORMOTO mark and corresponding alligator design element in connection with the offering of utility and recreational vehicles, and other related products infringes Deere's Gator Marks and constitutes a false designation of origin and a false or misleading representation of fact. Defendants' use of the GATORMOTO mark and corresponding alligator design element is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Deere, or as to the origin, sponsorship or approval of Defendants' commercial activities by Deere.

50.     Defendants have caused utility and recreational vehicles and related products to enter into interstate commerce with the designation and representation GATORMOTO and corresponding alligator design element. Such representation is a false designation of origin likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with Deere and as to the origin, sponsorship, or approval of Defendants utility vehicles, recreational vehicles, and related products with Deere. These acts are in violation of 15 U.S.C. § 1125(a) in that Defendants have used in connection with goods a false designation of origin, and a false or misleading description and representation of fact, which is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Deere and as to the origin, sponsorship, and approval of Defendants products and commercial activities by Deere.

51.     Deere has no control over the quality of the goods offered, marketed, or sold by Defendants. As a result, the reputation of Deere and the valuable goodwill and brand equity that Deere has developed in the Gator Marks are at risk.

5747428_1.DOC

52. As a result of Defendants' unlawful conduct, Deere has been and will continue to be damaged. Deere will suffer irreparable harm should Defendants' infringement be allowed to continue.

53. Deere's remedy at law is not by itself adequate to compensate for the injuries inflicted. Defendants' activities have caused and will cause irreparable harm to Deere for which Deere has no remedy at law in that if Defendants' wrongful conduct continues, consumers are likely to become further confused.

## COUNT III:  Trademark Dilution

54. Deere re-alleges and incorporates by reference the allegations contained in each preceding paragraph of this Complaint.

55. Deere's federally registered trademark, GATOR, and family of related Gator Marks have become widely recognized by the general consuming public of the United States as a designation of source of the utility vehicles, recreational vehicles, and related products of Deere and is therefore famous for purposes of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The Gator Marks are the subject of multiple trademark registrations in the United States and throughout the world, and have been used and recognized nation-wide and throughout the world for nearly eighteen years.

56. Deere's Gator Marks are strong and distinctive, have long been used in connection with the products on which they appear, have long been the subject of substantial advertising and promotion, and have been used and advertised throughout the United States, in other countries, and as the dominant element in an entire family of related marks. Therefore, the Gator Marks are famous.

57. After Deere's federally registered and distinctive family of Gator Marks became famous, Defendants commenced use of the GATORMOTO mark in connection with utility vehicles, recreational vehicles, and other related products, as described above. Such use is likely to cause dilution of Deere's marks pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The association arising from the similarity between the mark used by Defendants and Deere's mark impairs the distinctiveness of Deere's famous mark. Further, the association arising from the similarity between the aforementioned mark as used by the Defendants and Deere's famous mark harms the reputation of Deere's famous mark, GATOR.

58. Upon information and belief, Defendants committed these acts willfully and with the intent to create an association with Deere's famous mark. Defendant willfully intended to trade on the recognition of Deere's famous mark. Defendants willfully intended to harm the reputation of Deere's famous mark.

59. Deere has no control over the quality of the products offered, marketed, or sold by Defendants. As a result, the reputation of Deere and the valuable goodwill and brand equity that Deere has developed in the GATOR mark and family of Gator Marks are at risk.

60. Deere's remedy at law is not by itself adequate to compensate for the injuries inflicted. Defendants' activities have caused and will cause irreparable harm to Deere for which Deere has no remedy at law in that if Defendants' wrongful conduct continues, consumers are likely to become further confused.

### COUNT IV:  Common Law Trademark Infringement

61. Deere re-alleges and incorporates by reference the allegations contained in each preceding paragraph of this Complaint.

5747428_1.DOC

62. This is an action for trademark infringement of the Gator Marks under the common law based on the same operative facts set forth in each preceding paragraph of this Complaint and incorporated herein.

63. Deere owns and enjoys common law trademark rights in the GATOR mark and in an entire family of marks incorporating the GATOR mark by virtue of the use of these marks in Oklahoma and throughout the United States in connection with the offering of utility vehicles, recreational vehicles, and related products. Such rights are superior to any rights Defendants may claim in the GATORMOTO marks in connection with the offering of the aforementioned goods.

64. Defendants' offering of utility vehicles, recreational vehicles, and related products bearing or incorporating Deere's Gator Marks is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Deere, or as to the origin, sponsorship or approval of Defendants' commercial activities by Deere.

65. Deere has no control over the quality of the products offered, marketed, or sold by Defendants. As a result, the reputation of Deere and the valuable goodwill and brand equity that Deere has developed in the Gator Marks are at risk.

66. As a result of Defendants' unlawful conduct, Deere has been and will continue to be damaged. Deere will suffer irreparable harm should Defendants' infringement be allowed to continue.

67. Deere's remedy at law is not by itself adequate to compensate for the injuries inflicted. Defendants' activities have caused and will cause irreparable harm to Deere for which Deere has no remedy at law in that if Defendants' wrongful conduct continues, consumers are likely to become further confused.

## COUNT V:  Unfair Competition

68. Deere re-alleges and incorporates by reference the allegations contained in each preceding paragraph of this Complaint.

69. Defendants have caused utility vehicles, recreational vehicles, and related goods to enter interstate commerce incorporating a mark substantially similar to that used by Deere on the same goods.  In this manner, Defendants are "passing off" their goods as those of Deere thereby trading on Deere's goodwill and reputation.

70. Defendants' activities in "passing-off" its goods as those of Deere seek to deceive consumers that the goods are genuine and emanate from Deere.  Such conduct is detrimental to Deere because, as mentioned in the preceding paragraphs, Deere has no control over the quality of the goods offered, marketed, or sold by Defendants.

71. As a result of Defendants' unlawful conduct, Deere has been and will continue to be damaged.  Deere will suffer irreparable harm should Defendants' wrongful conduct be allowed to continue.

72. Deere's remedy at law is not by itself adequate to compensate for the injuries inflicted, and if Defendants' wrongful conduct continues, consumers are likely to become further confused.

## COUNT VI:  Violation of the Oklahoma Deceptive Trade Practices Act

73. Deere re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

74. This claim is brought pursuant to The Oklahoma Deceptive Trade Practices Act, 78 O.S. § 53 *et seq.*, for Defendant's unlawful use of the Gator Marks, which constitutes the knowing and false representation as to sponsorship, approval, affiliation, connection, association

with or certification by Deere, and efforts to pass off Defendant's goods as genuine Deere products, and to trade on Deere's goodwill in the Gator Marks.

75.   As a result of Defendant's unlawful conduct, Deere has been damaged and is entitled to recover its attorneys' fees pursuant to 78 O.S. § 54(C).

76.   Deere's remedy at law is not by itself adequate to compensate it for the injuries inflicted. Defendant's activities have caused and will continue to cause irreparable harm to Deere and the Gator Marks, for which Deere has no sufficient remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Deere requests the Court enter judgment in its favor as follows:

A.   Judgment be entered in favor of Deere against Defendants as to the above counts;

B.   Defendants, their officers, agents, servants, employees, successors, and assigns, and all persons acting in concert or participation with Defendants, be permanently enjoined from using the GATOR or the alligator design mark, or any other marks confusingly similar thereto, on the manufacture, sale, or distribution of recreational or utility vehicles;

C.   Defendants be ordered specifically to cease use of the marks GATORMOTO and GATOR IMPORTS, the corresponding alligator design mark, or any other marks including in whole or in part the word GATOR, or any alligator likeness in connection with vehicles of any kind, including without limitation scooters, go-carts, golf carts, utility vehicles, recreational vehicles or any retail or wholesale services related to the aforementioned products;

D.   Defendants be specifically ordered to cease use of the domain names www.gatormoto.com and www.gatorimports.com and the contents of the websites associated therewith, or any other domain name that includes the word GATOR;

E. Defendants be specifically ordered to cease use of any mark that includes in whole or in part the word GATOR as an internet search term, keyword, or metatag associated with Defendants' products on any website;

F. Defendants be ordered to remove all signs and point of purchase displays and deliver for destruction all products, labels, displays, literature, recorded commercials, advertising, or other material or tangible things in its possession or control, or its agents' or employees' possession or control, that incorporate or use the GATOR mark, the alligator design mark, or any other designation that is otherwise confusingly similar;

G. Defendants be ordered to file with this Court and serve on Deere within (30) days after the service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction;

H. Defendants be ordered to publish corrective advertising to correct the confusion they have created and to prevent Defendants from further benefiting from the goodwill and strength of the GATOR mark and the alligator design mark;

I. Defendants be required to pay such damages as Deere has sustained as a consequence of the Defendants' unlawful acts and pursuant to the claims set forth herein, including treble damages pursuant to 15 U.S.C. § 1117 and other statutory and common law authorities;

J. Defendants be required to pay Deere's costs, expenses, and reasonable attorneys' fees in connection with this action, as provided in 15 U.S.C. § 1117 and other applicable statutory and common law authorities; and

K. Deere be granted such other and further relief as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Deere hereby demands a trial by jury on all claims that may be tried before a jury.

Respectfully Submitted,

*/s/ Rachel Blue*

John Kenney, OBA #4976
Rachel Blue, OBA #16789
McAFEE & TAFT A Professional Corporation
500 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103
Email: john.kenney@mcafeetaft.com
rachel.blue@mcafeetaft.com
Telephone: (918) 587-0000
Facsimile: (918) 587-0000

ATTORNEYS FOR DEERE & COMPANY

5747428_1.DOC