# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

RONALD J. LEHRMAN
STEPHEN BIGGER
ROGER L. ZISSU
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
CRAIG S. MENDE
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
LYDIA T. GOBENA
CARLOS CUCURELLA
JAMES D. WEINBERGER
DAVID DONAHUE
NANCY E. SABARRA

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N.Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

MICHAEL I. DAVIS
SPECIAL COUNSEL

JAMES D. SILBERSTEIN
JOYCE M. FERRARO
MICHELLE P. FOXMAN
ROBERT A. BECKER
MICHAEL CHIAPPETTA
EVAN GOURVITZ
TAMAR NIV BESSINGER
DIANE MARGOVICI PLAUT
COUNSEL

NANCY C. DiCONZA
LAURA POPP-ROSENBERG
CARA A. BOYLE
CHARLES T.J. WEIGELL III
MARILYN F. KELLY
CAROLINE D. BOEHM
VANESSA HWANG LUI
DOROTHY C. ALEVIZATOS
BETSY JUDELSON NEWMAN
NICHOLAS M. EISENMAN
KATE HAZELRIG
TODD MARTIN

May 13, 2008

**BY FEDEX**

Justin Jackrel
GatorMoto LLC
4337 NW 35th Ter
Gainesville, Florida 32605-6026

Re:  Infringement of John Deere's GATOR Trademarks (Our Ref: DEER TC-0807080)

Dear Mr. Jackrel:

We represent Deere & Company ("John Deere"). For more than fifteen years John Deere has used its well-known GATOR trademark and related marks (collectively, the "GATOR Marks") in connection with a wide variety of motorized utility vehicles and battery powered riding toys. Through our client's significant investment of time, money and effort, the GATOR Marks have come to represent enormous and valuable goodwill.

In addition to its substantial common law rights, our client owns several trademark registrations for its GATOR Marks throughout the world, including U.S. Reg. No. 1,798,626 of GATOR for "all-terrain motorized cart weighing under six thousand pounds for use in material transport," U.S. Reg. No. 1,756,713 of an alligator design for "all-terrain motorized cart for use in material transport," and U.S. Reg. No. 2,853,350 of PRO GATOR for "heavy duty utility vehicles for commercial and industrial use." These registrations are valid, subsisting and in full force and effect and serve as conclusive evidence of our client's exclusive right to use its GATOR marks in connection with the goods identified therein. Copies are enclosed for your reference.

Our client recently learned that your company is using the GATORMOTO mark and trade name, as well as a logo prominently featuring an alligator, in connection with the sale of scooters, go carts, golf carts, electric vehicles, and various other motorized vehicles and has applied U.S. Trademark Application Serial No. 77/307,349 seeking registration of GATORMOTO for "Scooters; Go carts; Low-speed electric vehicles." Given that your

EXHIBIT
8

Mr. Justin Jackrel
GatorMoto
May 13, 2008
Page 2

company's mark, excluding the generic and non-source-identifying term "MOTO," is identical to
our client's GATOR mark and that your company's goods are identical and/or closely related to
the goods our client offers under its well-known GATOR Marks, your company's adoption of
the GATOTMOTO mark is likely to cause confusion among the consuming public by creating
the appearance of a connection or relationship between your company and our client when no
such relationship exists.

Your company's use of the GATORMOTO mark violates our client's rights in its
GATOR Marks under Sections 32(1), 43(a) and 43(c), of the U.S. Trademark (Lanham) Act, 15
U.S.C. §§ 1114(1), 1125(a), 1125(c), and various state laws. Our client's remedies for such
violations include not only injunctive relief against your company's continued use, but also
recovery of your company's profits and our client's damages, which may be trebled, and our
client's attorneys' fees. 15 U.S.C. § 1117(a).

In light of the foregoing, our client has obtained an extension of time to oppose your
company's trademark application and is prepared to take appropriate legal action to enforce its
valuable rights. It has instructed us, however, to contact you in the first instance to see whether
your company will voluntarily agree to resolve this matter without the need for further action.
Toward that end, we ask that your company confirm in writing **within ten days of the date of
this letter** that it will do the following:

1.    immediately abandon its pending application to register GATORMOTO;

2.    permanently cease using and refrain from seeking to register the GATORMOTO
      mark, or any other mark that includes in whole or in part the word GATOR or any
      alligator likeness, in connection with vehicles of any kind, including, without
      limitation scooters, go-carts or golf carts, or with any retail or wholesale services
      offering the aforementioned goods;

3.    cease use of the domain name *gatormoto.com* and the contents of the website
      associated therewith, transfer the domain name to our client, and undertake in
      writing not to register, own, maintain or otherwise use any domain name that
      includes the term GATOR; and

4.    cease use of the GATORMOTO mark, or any other mark that includes in whole
      or in part the word GATOR, as an internet search term, keyword or metatag
      associated with your company's products on any web site.

Please be advised that if we cannot resolve this matter to our client's satisfaction our
client is prepared to take whatever steps it deems necessary to protect its valuable rights in the
GATOR Marks.

{F0286256.5 }

Mr. Justin Jackrel
GatorMoto
May 13, 2008
Page 3


     This letter is written without waiver of any of our client's rights, claims and remedies, all of which are expressly reserved.


                                Very truly yours,

                                David Donahue


cc:    Joyce M. Ferraro, Esq.
       Betsy Newman Judelson, Esq.