*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA225894**
Filing date: **07/23/2008**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

# Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| | |
|---|---|
| Name | Deere & Company |
| Granted to Date of previous extension | 07/30/2008 |
| Address | One John Deere Place<br>Moline, IL 61265<br>UNITED STATES |
| Attorney information | David Donahue<br>Fross Zelnick Lehrman & Zissu, P.C.<br>100 Campus Drive<br>New York, NY 10017<br>UNITED STATES<br>ddonahue@fzlz.com, bnewman@fzlz.com, jferraro@frosszelnick.com<br>Phone:212-813-5900 |

## Applicant Information

| | | | |
|---|---|---|---|
| Application No | 77307349 | Publication date | 04/01/2008 |
| Opposition Filing Date | 07/23/2008 | Opposition Period Ends | 07/30/2008 |
| Applicant | GatorMoto LLC<br>4337 NW 35th Terrace<br>Gainesville, FL 32605<br>UNITED STATES | | |

## Goods/Services Affected by Opposition

Class 012. First Use: 2005/11/01 First Use In Commerce: 2005/11/01
All goods and services in the class are opposed, namely: Scooters; Go carts; Low-speed electric vehicles

## Grounds for Opposition

| | |
|---|---|
| Priority and likelihood of confusion | Trademark Act section 2(d) |

## Marks Cited by Opposer as Basis for Opposition

| | | | |
|---|---|---|---|
| U.S. Registration No. | 1798626 | Application Date | 03/19/1991 |
| Registration Date | 10/12/1993 | Foreign Priority Date | NONE |
| Word Mark | GATOR | | |
| Design Mark | | | |

**EXHIBIT 9**

| Description of Mark | NONE |
|---|---|
| Goods/Services | Class 012. First use: First Use: 1992/06/29 First Use In Commerce: 1992/06/29<br>all-terrain [ MATERIALIZED ] * MOTORIZED * CART WEIGHING UNDER SIX THOUSAND POUNDS FOR USE IN MATERIAL TRANSPORT |

| U.S. Registration No. | 1756713 | Application Date | 07/20/1992 |
|---|---|---|---|
| Registration Date | 03/09/1993 | Foreign Priority Date | NONE |
| Word Mark | NONE | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 012. First use: First Use: 1992/06/29 First Use In Commerce: 1992/06/29<br>all-terrain motorized cart for use in material transport | | |

| U.S. Registration No. | 2853350 | Application Date | 04/12/2001 |
|---|---|---|---|
| Registration Date | 06/15/2004 | Foreign Priority Date | NONE |
| Word Mark | PRO GATOR | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 012. First use: First Use: 1999/10/00 First Use In Commerce: 1999/10/00<br>heavy duty utility vehicles for commercial and industrial use | | |

| U.S. Registration No. | 3466044 | Application Date | 07/25/2007 |
|---|---|---|---|
| Registration Date | 07/15/2008 | Foreign Priority Date | NONE |
| Word Mark | RGATOR | | |
| Design Mark | | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 012. First use: First Use: 2005/08/15 First Use In Commerce: 2005/08/15<br>All-terrain vehicles | | |

| Attachments | 74295682#TMSN.gif ( 1 page )( bytes )<br>77238472#TMSN.jpeg ( 1 page )( bytes )<br>08 07 23 - GATORMOTO - Notice of Opposition (F0321847).PDF ( 26 pages )(183972 bytes ) |
|---|---|

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by First Class Mail on this date.

| Signature | /ddonahue/ |
|---|---|
| Name | David Donahue |
| Date | 07/23/2008 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

Opposer's Ref: DEER TC-0807080

In the Matter of Application Serial No. 77/307,349

-----------------------------------------------------------------x
Deere & Company,                                                  :
                                                                  :
                      Opposer,                                    :     Opposition No._____
                                                                  :
        - against -                                               :
                                                                  :
GatorMoto LLC,                                                    :
                                                                  :
                      Applicant.                                  :
-----------------------------------------------------------------x

## NOTICE OF OPPOSITION

Opposer Deere & Company, a Delaware corporation with a place of business at One John Deere Place, Moline, IL 61265, believes it would be damaged by the issuance of a registration for the trademark GATORMOTO as applied for by GatorMoto LLC ("Applicant") in Application Serial No. 77/307,349 filed on October 18, 2007 for "Scooters; Go carts; [and] Low-speed electric vehicles" in International Class 12, and therefore opposes same. As grounds for its opposition, Opposer, by its attorneys, Fross Zelnick Lehrman & Zissu, P.C., alleges as follows:

1. For many years, Opposer has used trademarks consisting of or prominently featuring the mark GATOR and a design mark consisting of an alligator (collectively, the "GATOR Marks") in connection with a wide variety of motorized utility vehicles and battery-powered riding toys.

2. In addition to using the mark GATOR to designate its line of utility vehicles, Opposer has used various GATOR and GATOR formative marks to designate specific products or classes of goods in its product line. Opposer's current line of GATOR vehicles includes the

{F0321826.1}

TX TURF GATOR, GATOR TE, PRO GATOR, M-GATOR, GATOR XUV 4X4, R-GATOR, GATOR HPX, TX GATOR, TS GATOR, and the COMPACT SERIES GATORS. As a result of Opposer's use of various GATOR Marks, Opposer has established common law rights in each of the marks individually and in a GATOR family of marks.

3. Opposer has expended significant resources to promote its products under the GATOR Marks and has distributed products under the GATOR Marks throughout the United States.

4. In addition to its common law rights in the GATOR Marks, Opposer owns United States Trademark Registrations for its GATOR Marks, including without limitation the following: U.S. Reg. No. 1,798,626 for GATOR for "all-terrain motorized cart weighing under six thousand pounds for use in material transport"; U.S. Reg. No. 1,756,713 of an alligator design for "all-terrain motorized cart for use in material transport"; U.S. Reg. No. 2,853,350 for PRO GATOR for "heavy duty utility vehicles for commercial and industrial use"; and U.S. Reg. No. 3,466,044 for RGATOR for "all-terrain vehicles" (collectively, "Opposer's Registrations").

5. Opposer's Registrations are valid, subsisting, and in full force and effect. In addition, Opposer's registration for GATOR and its design mark are incontestable and as such serve as conclusive evidence of Opposer's exclusive rights in the mark for the goods identified therein pursuant to 15 U.S.C. § 1115(b). True and correct copies of printouts from the TARR and TESS databases of the United States Patent and Trademark Office showing the current status and title of Opposer's Registrations are attached hereto as Exhibit A.

6. The GATOR Marks all share the common element GATOR or a visual depiction thereof which serves to create a family of marks owned by Opposer. Opposer advertises and promotes the GATOR Marks together in or as part of a family of marks, displaying and selling

{F0321826.1}

the products under the GATOR Marks through many of the same channels of trade and advertising the products together. Opposer uses its GATOR Marks in such a way as to create common exposure and recognition of common ownership based on the common and dominant GATOR element that appears or is depicted in all the GATOR Marks. GATOR serves both as a stand alone trademark and as the distinguishing element of the GATOR Marks and is recognized by consumers as an identifying trademark or characteristic of Opposer, whether used alone or in connection with other words, terms or symbols.

7. By virtue of Opposer's extensive sales, advertising, and promotion of its goods under the GATOR Marks, the GATOR Marks, individually and as a family, have become instantly recognizable to the public as exclusively denoting Opposer and its utility vehicles. In addition, GATOR has come to symbolize the high quality of Opposer's products. As a result of Opposer's substantial effort and investment on behalf of its brand, the goodwill inherent in the GATOR Marks is an enormously valuable asset of Opposer.

8. Upon information and belief, Opposer's first use in commerce of each of its GATOR Marks and the GATOR family of marks precedes any priority date upon which Applicant may rely.

9. As a matter of law, by virtue of Opposer's registrations Applicant had constructive knowledge of Registrant's prior rights in the GATOR Marks prior to adopting or seeking to register GATORMOTO. In addition, upon information and belief, in light the fame of Opposer's marks, Applicant was on actual notice of Opposer's prior rights in the GATOR Marks.

10. Applicant's GATORMOTO mark incorporates the distinguishing GATOR family term used by Opposer and which term designates Opposer's family of GATOR Marks. By virtue

{F0321826.1}

of Applicant's adoption of a formative of the term GATOR for its mark, the GATORMOTO mark has a similar sound, meaning, appearance and commercial impression to each of the GATOR Marks and to Opposer's family of GATOR Marks.

11.     The goods in connection with which Opposer uses its GATOR Marks are identical and/or closely related to the goods claimed in Applicant's application.

12.     The registration of Applicant's mark is inconsistent with Opposer's prior rights in its GATOR Marks individually and as a family of marks as well as inconsistent with Opposer's statutory grant of exclusivity of use of its registered GATOR Marks.

## CLAIM FOR RELIEF UNDER SECTION 2(d)

13.     Opposer repeats and realleges each and every allegation contained in paragraphs 1 through 12 as if fully set forth herein.

14.     Opposer has used the GATOR Marks continually since a date prior to any date on which Applicant may rely.

15.     The GATOR Marks are exclusively associated with Opposer.

16.     Applicant's GATORMOTO mark is substantially similar to each of Opposer's registered and/or prior-used GATOR Marks and has a similar sound, meaning, appearance and commercial impression to each of Opposer's GATOR Marks.

17.     Because Applicant's GATORMOTO mark incorporates the family-signifying term GATOR into a mark for goods identical in nature to those offered by Opposer under its GATOR Marks, consumers are likely to believe that GATORMOTO is yet another mark in Opposer's GATOR family of marks and that it designates products of Opposer.

{F0321826.1}

18. By virtue of Opposer's long standing use of the GATOR Marks, the goodwill associated with those Marks, and Opposer's registrations and applications for GATOR and GATOR composite marks, the registration by Applicant of GATORMOTO for goods identical to the goods provided by Opposer under its GATOR Marks is likely to cause confusion or cause mistake or to deceive the purchasing public into mistakenly believing that Applicant's goods offered under the GATORMOTO mark originate from, come from or are otherwise associated with Opposer or that Applicant's goods are endorsed, sponsored or in some way connected with Opposer in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). Any registration of the mark GATORMOTO by Applicant is therefore likely to cause confusion, cause mistake or to deceive.

19. By reason of the foregoing, Opposer is likely to be harmed by registration of Application Serial No. 77/307,349 for the mark GATORMOTO.

WHEREFORE, it is respectfully requested that this opposition be sustained and that the registration sought by Applicant in Application Serial No. 77/307,349 be denied.

Dated:   New York, New York
         July 23, 2008

Respectfully submitted,

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: /s/ David Donahue
    David Donahue
    Betsy Judelson Newman

866 United Nations Plaza
New York, New York 10017
(212) 813-5900

*Attorneys for Opposer*

{F0321826.1}

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First Class mail upon Applicant, Justin Jackrel, Gatormoto LLC, 4337 NW 35th Ter, Gainesville, FL 32605-6026, on this 23rd day of July, 2008.

_____
David Donahue

{F0321826.1}